The hearing in this matter was scheduled before Deputy Commissioner Garner on 15 July 1998. Defendants counsel was present, however neither plaintiffs counsel nor plaintiff was present for the hearing. During a telephone conference with plaintiffs counsel Deputy Commissioner Garner learned that plaintiff was out of state and would not be present at the hearing to pursue his case. Therefore, defendants made a motion to dismiss this matter with prejudice which was granted by Deputy Commissioner Garner on the condition that defendants make their last offer of settlement available to plaintiff for 30 days. No settlement was reached and the matter was dismissed with prejudice as of 14 August 1998.
Thereafter, plaintiff did not file a motion for reconsideration or a notice of appeal. Finally, without filing a formal notice of appeal, plaintiff filed a Form 44, Application for Review, on 21 July 1999 over one year after the 15 July 1998 Order. Defendants filed a motion to dismiss pursuant to G.S. 97-85 based on plaintiffs failure to file a notice of appeal within 15 days as required under the statute.
In the event of excusable neglect on the part of the plaintiff, the Full Commission has the discretion to grant relief from a deputy commissioners order. However, in the instant case, plaintiff has failed to show any grounds for excusable neglect as a matter of law. Furthermore, plaintiffs Form 44 was vague and did not provide adequate notice of his grounds for appeal in accordance with Rule 701.
In view of the foregoing, the Full Commission has no authority to consider plaintiffs appeal. Therefore, plaintiffs appeal is hereby dismissed with prejudice. G.S. 97-85 and Moore v. City of Raleigh, ___ N.C. App. ___, (COA98-1297) (1999). Each side shall bear its own costs.
This the _____ day of December, 1999.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_______________ CHRISTOPHER SCOTT COMMISSIONER